## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2020, 6:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Roy Bessler
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roy Bessler,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

March 27, 2020

Court of Appeals Case No.
19A-PL-1624

Appeal from the Dearborn
Superior Court

The Honorable Sally A.
McLaughlin, Judge

Trial Court Cause No.
15D02-1104-PL-18

**Brown, Judge.**

[1]     Roy Bessler appeals the denial of his motion for order to return property. We affirm.

## *Facts and Procedural History*

[2]     In February 2011, the State charged Bessler with possession of marijuana with the intent to deliver as a class C felony under cause number 15C01-1102-FC-10 ("Cause No. 10") in the Dearborn Circuit Court. In May 2011, the State charged him with two counts of dealing in cocaine as class B felonies and two counts of dealing in cocaine as class A felonies under cause number 15D01-1105-FA-12 ("Cause No. 12") in the Dearborn Superior Court.

[3]     On April 11, 2011, the State filed a Complaint for Forfeiture under cause number 15D02-1104-PL-18 ("Cause No. 18"), the cause from which this appeal arises, in the Dearborn Superior Court. The complaint alleged that a 2005 Dodge Ram 3500 was found in Bessler's possession along with approximately twenty pounds of processed and packaged marijuana and that the vehicle had been used to transport illegal drugs and as transportation to and from various places for meetings related to Bessler's illegal drug related activities. The complaint asserted the vehicle was seized pursuant to a lawful search warrant issued by the Dearborn Circuit Court.

[4]     On March 26, 2012, the court entered an agreed judgment under Cause No. 18, which was signed by Bessler, his counsel, and the prosecuting attorney, and provided that the seized vehicle "is hereby forfeited by [Bessler] to the Special Crimes Unit of Dearborn County to be used by the Special Crimes Unit for a

period of time not to exceed three (3) years, after which period of time, the said [vehicle], shall be delivered to the Sheriff of Dearborn County for public sale, and the proceeds shall be disbursed according to I.C. 34-24-1-6."[1] Appellant's Appendix Volume II at 10. It also provided that "the law enforcement costs of this action as defined in I.C. 34-6-2-73 exceed the value of the aforementioned vehicle."[2] *Id.*

---

[1] Ind. Code § 34-24-1-6 provides:

> (a) Where disposition of property is to be made at a public sale, notice of sale shall be published in accordance with IC 34-55-6.
>
> (b) When property is sold at a public sale under this chapter, the proceeds shall be distributed in the following order:
>
> > (1) First, to the sheriff of the county for all expenditures made or incurred in connection with the sale, including storage, transportation, and necessary repair.
> >
> > (2) Second, to any person:
> >
> > > (A) holding a valid lien, mortgage, land contract, or interest under a conditional sales contract or the holder of other such interest; or
> > >
> > > (B) who is a co-owner and has an ownership interest;
> >
> > up to the amount of that person's interest as determined by the court.
> >
> > (3) The remainder, if any, shall be transferred by the sheriff to the appropriate fund as ordered by the court in section 4(d) of this chapter.

[2] Ind. Code § 34-6-2-73 provides:

> "Law enforcement costs", for purposes of IC 34-24-1, means:
>
> (1) expenses incurred by the law enforcement agency that makes a seizure under IC 34-24-1 (or IC 34-4-30.1 before its repeal) for the criminal investigation associated with the seizure;
>
> (2) repayment of the investigative fund of the law enforcement agency that makes a seizure under IC 34-24-1 to the extent that the agency can specifically identify any part of the money as having been expended from the fund; and
>
> (3) expenses of the prosecuting attorney associated with the costs of proceedings associated with the seizure and the offenses related to the seizure.

[5] Also in 2012, Bessler pled guilty under Cause No. 10 and was sentenced.[3] That same year, a jury found Bessler guilty of all counts under Cause No. 12, and this Court affirmed his convictions and sentence. *See Bessler v. State*, No. 15A04-1201-CR-37 (Ind. Ct. App. December 31, 2012).

[6] On April 8, 2019, Bessler filed a Motion for Order to Return Property under Cause No. 18 requesting the return of his 2005 Dodge Ram.[4] He asserted he was entitled to the property under Ind. Code § 35-33-5-5 and cited *Timbs v. Indiana*, 139 S. Ct. 682 (2019).[5] He also cited Ind. Code § 35-50-2-6, which provides that a person who commits a class C felony may be fined not more than $10,000, and asserted that his vehicle was valued at approximately $19,750 at the time of forfeiture.

[7] On April 25, 2019, the State filed a memorandum in opposition to Bessler's motion asserting in part that the truck had been sold in compliance with the court's order. On May 12, 2019, Bessler filed a reply. On May 29, 2019, the court denied Bessler's motion "based on [the] agreed judgment filed in this

---

[3] The record does not contain a plea agreement related to Cause No. 10. Bessler filed a petition for post-conviction relief with respect to Cause No. 10 and argued his trial counsel was ineffective for failing to move for discharge under Ind. Criminal Procedure Rule 4(B)(1) and failing to communicate a plea offer. *See Bessler v. State*, No. 18A-PC-123, slip op. at 6, 10 (Ind. Ct. App. July 10, 2019). The post-conviction court denied the petition, and we affirmed on appeal. *Id.* at 2.

[4] Bessler also requested the return of "cash taken during the search warrant in the amount of $1,778 dollars included in the property receipt signed by Shane McHenry." Appellant's Appendix Volume II at 12. To the extent Bessler mentioned $1,778 in his motion for order to return property, we note that the State's complaint for forfeiture and the agreed judgment referred to only Bessler's vehicle.

[5] In *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019), the United States Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies to the States through the Fourteenth Amendment.

matter on March 26, 2012, in which [Bessler] agreed upon forfeiting said property." Appellant's Appendix Volume II at 20.

## *Discussion*

[8] Before addressing Bessler's argument, we observe that although he is proceeding *pro se*, such litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *See Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Bessler argues that the agreed entry was an illusory plea because he did not benefit from the agreement. Without citation to the record, he asserts that he pled guilty to a class C felony and received the maximum sentence of eight years concurrent with a prior sentence of thirty years. He also asserts, without citation to the record, that the trial court and his attorney advised him he could receive a consecutive sentence, that "under drug task force convictions the sentence had to run concurrent," and "[t]he same undercover detective made all of the drug deals made in both of [his] criminal cases, so they fall under a state-sponsored criminal sting operation." Appellant's Brief at 6. He asserts he was defrauded by the statements of the trial court and his defense counsel. Without citation to the record, he asserts he purchased his vehicle in 2008 for $28,000 and that it was "blue booked at $18,750" at the time of seizure. *Id.* at 8. He cites *Timbs v. Indiana*, 139 S. Ct. 682 (2019), and argues that the forfeiture was grossly disproportionate to the maximum fine for a class C felony of $10,000.

[9] We note that the March 26, 2012 entry was an agreed judgment. The Indiana Supreme Court has held "[a]n 'Agreed Judgment' represents an agreement of

the parties, not a judgment of the court. Thus, absent fraud, it is not appealable." *Bemenderfer v. Williams*, 745 N.E.2d 212, 215 n.2 (Ind. 2001). To the extent Bessler appears to challenge his guilty plea under Cause No. 10 by arguing he was defrauded by the statements of the trial court and his trial counsel, we note that this appeal involves only the court's May 29, 2019 order denying his motion to return property under Cause No. 18. As for Bessler's argument that the agreed judgment was based on fraud because he "was told that if he forfeited his truck he would receive a concurrent sentence, which he had to receive because of state-sponsored criminal sting operation," Appellant's Brief at 6, he cites authority suggesting that consecutive sentences are improper when offenses involve a sale of the same drug to the same informant on several occasions over a short period of time. Even assuming Bessler did not waive his argument, we note that the offense under Cause No. 10 involved marijuana while Cause No. 12 involved cocaine and that he does not point to the record or develop a cogent argument. Further, to the extent Bessler cites *Timbs v. Indiana*, 139 S. Ct. 682 (2019), he does not make a cogent argument that *Timbs* is applicable under these circumstances, where there is an agreed judgment or where the vehicle was sold years earlier.[6] Under the circumstances, we cannot say that reversal is warranted.

---

[6] In *Timbs v. Indiana*, after Timbs's guilty plea, the trial court held a hearing on the State's forfeiture demand and found that forfeiture of his vehicle was unconstitutional under the Eighth Amendment's Excessive Fines Clause. 139 S. Ct. at 686. Thus, this argument was raised in *Timbs* before the trial court at the time that forfeiture was initially addressed.

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

Baker, J., and Riley, J., concur.